```
                    UNITED STATES COURT OF APPEALS
                       FOR THE FOURTH CIRCUIT

                            NO. 17-4071
```

UNITED STATES OF AMERICA    )
                            )    MOTION BY THE UNITED STATES
     v.                     )    TO HOLD CASE IN ABEYANCE AND
                            )    SUSPEND BRIEFING
SHELBY SHERROD PETTIES      )

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby moves the Court to hold this case in abeyance pending the Supreme Court's decision in <u>Sessions v. Dimaya</u>, 15-1498, and to suspend briefing in this case until this motion is decided. In support of this motion, we submit the following:

1.   Defendant pleaded guilty to failing the register as a sex offender while committing a crime of violence, in violation of 18 U.S.C. § 2250(d); he was sentenced to 96 months' imprisonment, to run consecutively to any other state or federal sentence previously imposed. (J.A. 260-61).

2.   Defendant filed his appellant's brief on May 22, 2017, arguing that the district erred by denying his motion to dismiss two counts of the indictment, which each charged that he violated 18 U.S.C. § 2250(c) (now § 2250(d)) by committing a crime of violence (kidnapping) while failing to register as a sex offender.[1]

---

[1] Defendant was charged with the failure-to-register count as well as two counts of committing a crime of violence while failing

He contends that the predicate offense, federal kidnapping, is not a crime of violence under either prong of 18 U.S.C. § 16. (Opening Brief at 10-33).

3. On January 17, 2017, the Supreme Court heard oral argument in Dimaya v. Sessions, No. 15-1498, which addresses whether part of the crime-of-violence definition in 18 U.S.C. § 16(b) is unconstitutionally vague in light of Johnson v. United States, 135 S. Ct. 2551 (2015).

4. While we believe that federal kidnapping is a crime of violence under both the force clause of § 16(a) and the residual clause of § 16(b), the Supreme Court's decision in Dimaya will likely have a significant impact on this case because it may decide whether § 16(b) can be considered at all in resolving whether kidnapping is a crime of violence.[2]

5. The government anticipates that its requested abeyance will be short because the Supreme Court should decide Dimaya no later than the end of June. The government will notify the Court when Dimaya is decided. We believe a brief abeyance will nonetheless be fruitful because the government's response brief will depend greatly on what the Supreme Court says about § 16.

---

to register; he pleaded guilty only to one of the crime-of-violence counts, pursuant to a plea agreement preserving his right to appeal this issue. (J.A. 14-15, 204-34, 269-76).

[2] Dimaya is an immigration case, and the Supreme Court will also consider whether the lower court applied the correct vagueness standard. Thus the decision could focus solely on that question, although we expect the substantive issue will be decided as well.

6. Because Dimaya will likely impact the key issue in this case, an abeyance pending that decision would promote judicial efficiency; likewise, suspending briefing during the pendency of this motion will promote efficiency on the government's behalf as well.

7. Counsel for Defendant opposes this motion.

WHEREFORE, the United States respectfully requests that this case be held in abeyance pending a decision in Dimaya, and that briefing be suspended during the pendency of this motion.

Respectfully submitted this 25th day of May, 2017.

                        JOHN STUART BRUCE
                        United States Attorney

     BY:   /s/ Phillip A. Rubin
            PHILLIP A. RUBIN
            Assistant United States Attorney
            310 New Bern Avenue
            Suite 800, Federal Building
            Raleigh, North Carolina 27601-1461
            Telephone: 919-856-4530

CERTIFICATE OF COMPLIANCE

1. Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure, I hereby certify that this document meets the type-volume limits of Rules 27(d), 35(b)(2), and/or 40(b) because, exclusive of the portions of the document exempted by Rule 32(f), this document contains 535 words.

   (Filings are not to exceed 5,200 words for a motion or response and 2,600 words for a reply, pursuant to Rule 27(d), or 3,900 words for a petition for panel rehearing or rehearing en banc, pursuant to Rules 35(b)(2) and/or 40(b)).

2. Further, this document complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in Microsoft Word 2016 using twelve-point Courier New, a monospaced typeface.

/s/ Phillip A. Rubin
PHILLIP A. RUBIN
Assistant United States Attorney


CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF user:

Jennifer C. Leisten
Office of the Federal Public Defender

/s/ Phillip A. Rubin
PHILLIP A. RUBIN
Assistant United States Attorney